U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 0 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| WEINSTEIN, ET AL | CIVIL ACTION 13-919 |
| VERSUS | JUDGE HAIK |
| CONOCO PHILLIPS, ET AL | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Remand filed by the plaintiffs (Doc. #6). This case was removed from the 15th Judicial District Court, Parish of Acadia by the Conoco Phillips Company, successor-in-interest to the Continental Oil Company. Conoco Phillips argues the addition of Drew Cornell, Incorporated to this suit amounts to fraudulent joinder and is simply an attempt by the plaintiffs to destroy diversity. Plaintiffs argue Conoco Phillips has failed to carry the heavy burden of proving fraudulent joinder, as mere allegations do not suffice.

Following a thorough review of the pleadings and supplemental filings, the Motion to Remand is **DENIED** for the following reasons:

This suit arises from oil and gas exploration and production on a property in Acadia Parish. A Lease dated May 24, 1941 covered the property and was assigned to Continental Oil in 1954. Drew Cornell, Incorporated, which was formed in 1955 began operating the wells on June 29, 1955 and ceased operations on February 24, 1959. On April 15, 1998, the Louisiana Secretary of State sent a notice of revocation to Cornell for failure to file the required annual reports, but Cornell was never dissolved by affidavit with the Secretary of State.

Plaintiffs contend that a corporate existence begins with a certificate of incorporation. Once that takes place, it can sue and be sued. The revocation of its charter does not amount to its cessation of existence. Louisiana Revised Statute 12:163(G) specifically states, "Any revocation of a corporation's articles of incorporation and franchise under the provisions of this section shall not affect any cause of action against such corporation." Plaintiffs argue that, similarly, the revocation of a charter also fails to affect actions against a corporation. That is, it can sue and be sued until it is dissolved. In support of their contention, plaintiffs cite *Beall v. Conoco Phillips*, 2008 WL 2433579 (M.D. LA, 2008) which allowed an inactive, yet not dissolved, company to remain as a named party to a case. The Court finds the *Beall* case to be distinguishable based on the significantly different factual basis.

Conoco Phillips notes the following, undisputed facts, about Cornell:

1. It cease operations and shut down in 1990.
2. It owns no property.
3. It has no office or presence of any kind.
4. It has no business records.
5. It has no assets.
6. It has no employees.
7. Its principals are deceased.
8. The Secretary of State revoked its charter over 15 years ago.

Essentially, Conoco argues, it is a non-existent entity, not simply an inactive company. In order to prove fraudulent joinder of a non-diverse party, the Fifth Circuit requires proof of 1. Actual fraud in the pleading of jurisdictional facts or 2. The inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Guillory v. PPG, Indus.*, 434 F.3d. 303 (5th Cir., 2005). The governing test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be

able to recover against the in-state defendant." *McDonal v. Abbot Labs,* 408 F.3d. 177 (5th Cir., 2005). Additionally, in *Smallwood v. Illinois Central Railroad,* 385 F.3d. 568 (5th Cir. 2004), the Court noted, "the mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. Diversity does not exist if there is no reasonable basis for recovery.

In this case, the plaintiffs have no reasonable basis for recovery against Cornell, who not only has no corporate existence, but has no existence of any kind. There is simply no one to sue and there will never be anyone to sue. Cornell will never make an appearance, will never participate, and will never be available for recovery. The joinder of Cornell is nothing more than a "mere theoretical possibility", which is not enough to preclude a finding of improper joinder. The Fifth Circuit has been clear on this issue.

The Court agrees that the possibility of recovery against Cornell is nothing more than a mere theoretical possibility at this time, even though the company has not been officially dissolved. Although this Court finds the *Smallwood* ruling to be somewhat limited, the fact remains that the Appellate Court has spoken with respect to theoretical possibilities. The reality is that Cornell is unlikely to ever be dissolved–that is, the formal paperwork filed–given the fact that there is no one to dissolve it, according to the evidence presented, and nothing left to dissolve.

Further, the plaintiffs have offered no proof of insurance for Cornell, which could possibly prevent a remand. And, importantly, the plaintiffs are not without a means of recovery. They may pursue this action against Conoco Phillips, the successor and subsequent land user.

Although both parties correctly stated the law as it applies to their respective positions, common sense and the fact that this Court finds the law on the side of Conoco Phillips to carry significantly more weight, results in a finding of improper joinder. The real party in this case is

Conoco Phillips. Consequently, the Motion to Remand is **DENIED**.

THUS DONE and SIGNED on this 28th day of February, 2014.

_____
RICHARD T. HAIK, Sr., DISTRICT JUDGE